UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE BURNS,

                Plaintiff,

-against-

NICOLE SABRINA, Legal Aid Society of Westchester Attorney,

                Defendant.

23-CV-9085 (LTS)

ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated at Westchester County Jail, brings this action *pro se*. He has not prepaid the filing fees. Plaintiff is barred, however, from filing any new action *in forma pauperis* (IFP) while he is a prisoner. *See Burns v. Schell*, ECF 1:20-CV-5582, 7 (S.D.N.Y. Oct. 28, 2020). That order relied on the "three-strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

      Plaintiff's complaint does not show that he is in imminent danger of serious physical injury.[1] Instead, Plaintiff brings this action against an attorney from the Legal Aid Society, alleging that she failed to protect his rights. He seeks compensatory and punitive damages, as well as declaratory and injunctive relief.[2] Such allegations do not show that Plaintiff is in

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] The Court notes that Plaintiff already has a pending petition for a writ of *habeas corpus*. *See Burns v. Valhalla*, No. 23-CV-6440 (S.D.N.Y. filed July 26, 2023).

imminent danger of serious physical injury. Plaintiff is therefore barred from filing this action IFP.[3]

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g). Plaintiff remains disqualified from filing any future action IFP while he is a prisoner, unless he is under imminent threat of serious physical injury.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is directed to enter judgment in this matter.

SO ORDERED.

Dated:   October 16, 2023
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge

---

[3] Plaintiff may commence a new action by paying the filing fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).